IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                                              PLAINTIFF

V.                                         CASE NO. 5:14-CR-50051

JOSE GARCIA-CHAVEZ                                                                    DEFENDANT

OPINION AND ORDER

Currently before the Court are the Government's Motion in Limine (Doc. 18) and Mr. Garcia's Response (Doc. 24). On December 2, 2015, the Court conducted a pretrial conference in this matter, at which time it heard oral argument from counsel for the parties on the instant Motion. From the bench, the Court **GRANTED IN PART AND DEFERRED RULING IN PART** on the Government's Motion. This Opinion and Order explains the basis for the Court's ruling. To the extent there is any conflict between the Court's statements on the bench and the instant Order, then the instant Order will control.

The Government has provided notice to Mr. Garcia that it intends to introduce evidence under Fed. R. Evid. 404(b) regarding prior bad acts that he is alleged to have committed against the victim in this case. Rule 404(b) prohibits admission of evidence of prior bad acts to prove that a person acted in conformity with a particular character trait; however, it does not prohibit admission of such evidence for other purposes, such as proving motive or intent. Additionally, four requirements must be met for evidence to be admissible under Rule 404(b): it "must (1) be relevant to a material issue raised at trial, (2) be similar in kind and close in time to the crime charged, (3) be supported by

1

sufficient evidence to support a finding by a jury that the defendant committed the other act, and (4) not have a prejudicial value that substantially outweighs its probative value." *United States v. Farish*, 535 F.3d 815, 819 (8th Cir. 2008). For our present analytical purposes, the prior bad acts at issue in the Government's Motion can be divided into two separate categories: (1) events alleged to have occurred between May 10, 2014, and May 20, 2014, and (2) events alleged to have occurred in 2007 and 2008.[1]

I.      **The events between May 10, 2014, and May 20, 2014.**

Mr. Garcia is accused of kidnapping his wife and transporting her across state lines on May 19, 2014. The Government intends to introduce evidence that nine days earlier, the victim told Mr. Garcia after an argument with him that she no longer wanted to be in a relationship with him, and that in response to this Mr. Garcia grabbed a knife and put it first to the victim's throat and then to his own throat, in front of their children. The Government also intends to introduce evidence that on May 14, Mr. Garcia arrived unannounced at the victim's place of employment and attempted to drag her outside against her will, and that two days later the victim filed for an order of protection against Mr. Garcia in the Circuit Court of Benton County. The Government intends to argue from all of this that Mr. Garcia's motive for the kidnapping was grounded in the victim having told him that she no longer wanted to be in a relationship with him.

Rule 404(b) "applies only to extrinsic and not to intrinsic evidence. Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred. Such evidence is admitted

---

[1] The Government's written Motion also references a 2013 incident without providing details about its attendant facts and circumstances. However, during oral argument, the Government clarified that it no longer intends to introduce evidence of any specific 2013 incident.

because the other crime evidence completes the story or provides a total picture of the charged crime." *United States v. Johnson*, 463 F.3d 803, 808 (8th Cir. 2006) (internal citations and quotation marks omitted).  Mr. Garcia concedes the intrinsic nature of evidence regarding events from May 14 onward, but argues that the May 10 evidence "should be excluded" because it is "dissimilar" to the charged crime.  (Doc. 24, p. 5).

The Court disagrees with Mr. Garcia on the latter point.  Arguing dissimilarity puts the cart before the horse, so to speak, in that before the Court can even reach the four-pronged 404(b) analysis it must first determine whether the evidence in question is extrinsic or intrinsic.  Under the Government's theory of the case, evidence of the May 10 event is necessary in order to understand *why* the events of May 19 occurred.  It follows, then, that evidence of the May 10 event is clearly intrinsic, as it is "an inextricable part of the government's case," and "indispensable for providing the motive for the charge[]" of kidnapping.  *Johnson*, 463 F.3d at 808.  Therefore, Rule 404(b) does not prohibit the Government's introduction of these prior-bad-act events alleged to have occurred between May 10, 2014, and May 20, 2014.

II.     **The 2007 and 2008 events.**

The Government also intends to introduce that the victim was assaulted by Mr. Garcia in 2007 and again in 2008, and that throughout their relationship he "would abuse and intimidate her approximately three times a month."  (Doc. 18, p. 3).  It appears the Government's evidence on these matters will consist largely of the victim's testimony to that effect at trial next week.  The Government argues that evidence of these prior bad acts will be introduced in order to prove Mr. Garcia's motive and intent

3

to kidnap the victim, because Mr. Garcia will place his willfulness at issue by arguing that the victim consented to the interstate travel.

In summary, the Government expects that if given the opportunity, the victim will testify that one day in 2007, Mr. Garcia called the victim at work and claimed that he had injured himself and needed her to come home and help him. Mr. Garcia, it is alleged, hid behind the door of their residence, and when the victim arrived, he belted her arms to her side, punched her and broke her nose, and chopped off a part of her hair. The Government alleges that Mr. Garcia did this in retaliation for the victim's (mistakenly) perceived infidelity. The victim is also expected to testify that one day in 2008, Mr. Garcia arrived at the victim's place of employment and forcibly removed her from her workplace, again in retaliation for a perceived dalliance with another man.[2]

Mr. Garcia essentially provides four arguments for why Rule 404(b) prohibits the admission of this evidence: that (1) the evidence is being offered not to prove motive or intent but rather action in conformity with a character trait; (2) these events are dissimilar and remote in time from the instant offense; (3) the victim lacks credibility and therefore the evidence of the prior bad acts is insufficiently reliable to support a finding that the acts were committed; and (4) in any event, the probative value of the evidence is substantially outweighed by the danger of unfair prejudice.

The Court is skeptical of the value this evidence would have in proving motive, but is satisfied that it is probative of Mr. Garcia's intent to commit the instant offense. The alleged 2007 and 2008 incidents both involve attempts on the part of Mr. Garcia to

---

[2] The Government also contends that the loss prevention officer at the victim's place of employment filed a police report regarding this incident. The Government intends to call him to testify about this incident as well.

4

restrain the instant victim's freedom of movement. Furthermore, the 2007 incident would appear to have involved a somewhat elaborate plan to do so on the part of Mr. Garcia, and the 2008 incident is strikingly similar to some of the intrinsic evidence discussed in the previous section of this Order. "Evidence of past crimes can be probative of a defendant's intent to commit a similar act. Additionally, the relative probative value of prior crime evidence is increased by the fact that both offenses were associated with the same victim." *United States v. Littlewind*, 595 F.3d 876, 881 (8th Cir. 2010) (internal citations and quotation marks omitted).

In *Littlewind*, the Eighth Circuit held that the defendant's prior convictions involving domestic abuse of the same victim were admissible to prove the defendant's intent to injure that victim in a subsequent crime, because the defendant "introduced evidence suggesting [the victim]'s injury may have resulted from a drunken fall—likely to show a lack of criminal intent or the presence of an accident. Thus, the prior crimes evidence contradicted [the defendant]'s defense." *Id.* That reasoning would seem to apply with equal force here if Mr. Garcia argues that he did not intend to commit a crime of violence (kidnapping) against the victim because she consented to the transportation. As for Mr. Garcia's argument concerning remoteness, the Court observes that although seven years is a substantial gap in time, in other cases the Eighth Circuit has upheld the admission of prior bad acts that were thirteen and even sixteen years remote. *See, e.g., United States v. Strong*, 415 F.3d 902, 905-06 (2005). And with regard to Mr. Garcia's argument concerning the victim's credibility, the Court notes that it should not make credibility determinations when weighing the sufficiency of the evidence under Rule 404(b). *See Huddleston v. United States*, 485 U.S. 681, 690 (1988).

5

However, this evidence undoubtedly carries a high risk of prejudicial effect, which troubles the Court.[3]  Although the risk of prejudicial effect can sometimes be reduced to an acceptable level through the use of limiting instructions, see Littlewind, 595 F.3d at 881, the Court is concerned that a cautionary instruction might not be adequately curative here, given the inflammatory nature of the alleged 2007 and 2008 facts.  The Court believes it does not yet have enough information or context to accurately weigh the probative value of these facts relative to their prejudicial effect, and therefore the Court will defer ruling on the admissibility of the pre-2014 404(b) evidence at issue here.  The Government is instructed not to make any references in its opening statement or to elicit any testimony of any kind as it relates to these older incidents, until such time as permission to do so has been sought and granted outside the presence of the jury.

III.   Conclusion.

**IT IS THEREFORE ORDERED** that the Government's Motion in Limine (Doc. 18) is **GRANTED IN PART**, and that the Court will **DEFER RULING IN PART**, as described herein.

**IT IS SO ORDERED** on this ___4th___ day of December, 2015.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

---

[3] The analysis to be performed under the Eighth Circuit's fourth 404(b) prong is identical to that which would be performed under Rule 403.  See United States v. Maxwell, 643 F.3d 1096, 1103 (8th Cir. 2011).